IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEBRHATO TSEHAI,

        Plaintiff,                    No. CIV S-05-0135 DFL DAD P

    vs.

TERESA A. SCHWARTZ, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a complaint seeking relief under 42 U.S.C. § 1983. This proceeding has been referred to the undersigned magistrate judge pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        With his complaint, plaintiff submitted an outdated in forma pauperis application that does not include a certified trust account statement. By order filed May 31, 2006, plaintiff was directed to file a new in forma pauperis application. Pursuant to an extension of time granted on June 28, 2006, plaintiff filed a new in forma pauperis application on July 10, 2006.

        The district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  See also 28 U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in which the plaintiff seeks to proceed in forma pauperis, if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint may be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of

2

1  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to
2  perform an act which he is legally required to do that causes the deprivation of which complaint
3  is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
4         In the present case, plaintiff has sued the warden of California Medical Facility
5  and six correctional employees.  Plaintiff alleges as follows:  On November 15, 2004, plaintiff
6  was on his way to a coping skills group with a priority pass; he was late; he stepped through the
7  door from his unit and tried to show his pass to Officer Molles as she opened the door for unlock
8  and yard call; Officer Molles told him to back up; plaintiff backed up, but Officer Molles ordered
9  him to back up all the way to his unit; Officer Molles used profanity in her order; plaintiff was so
10 shocked at her language that he said "Who are you?" and continued to stand in the doorway;
11 Officer Molles told him to back up five times; plaintiff did not move and just stood there looking
12 at her; Officer Bringgs and numerous inmates witnessed the incident; two other officers came
13 and told plaintiff to "get on the wall"; plaintiff complied but asked what he had done; the officers
14 said they did not know; plaintiff was handcuffed and walked to the sergeant's office; plaintiff
15 told the sergeant that he had been harassed and picked on by the three officers.  (Compl. at 3-4.)
16 Plaintiff seeks a full investigation and $10,000.00 in damages.  In his prayer for relief, plaintiff
17 alleges that the defendants discriminated against him on the basis of race, nationality, sex, age,
18 and physical and mental handicap, and deprived him of the opportunity to attend the group
19 session.  (Id. at 3 & 5.)
20         Plaintiff alleges that there is a grievance procedure available at his institution, that
21 he filed a grievance concerning the facts contained in his complaint, and that the grievance
22 process was not completed when he brought this action.  Attached to plaintiff's complaint is a
23 copy of his inmate appeal dated November 18, 2004.
24         In his grievance, plaintiff complained that Officer Molles disrespected him on
25 November 15, 2004, and that he was shocked by her unprofessionalism.  Plaintiff stated that he
26 was placed in handcuffs by Officer Molles and that she used physical force on him during the

escort while he was handcuffed. In the "Action Requested" section of the inmate appeal form, plaintiff requested an apology from Officer Molles and an investigation. The appeal bypassed both the informal level and the first formal level of appeal. The appeal was partially granted at the second formal level by a decision dated January 10, 2005. Plaintiff's allegation of unprofessionalism was partially sustained because Officer Molles admitted using the language described by plaintiff. Plaintiff received a medical evaluation on the day of the incident, and, although no injuries were found, plaintiff's wrist was x-rayed, with negative results for a fracture. Based on the evidence gathered during the investigation at the second level of review, plaintiff's claim of inappropriate or unnecessary force was not sustained.

It appears that the appeal was returned to plaintiff with the second level decision on January 13, 2005. On January 15, 2005, plaintiff submitted his appeal to the third level, indicating that he was dissatisfied with the investigation that was conducted because it failed to find that inappropriate and unnecessary force was used. Plaintiff's civil rights complaint is also dated January 15, 2005, and the proof of service indicates that the complaint was placed in the mail to the court on the same date that he submitted his appeal to the third level.

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not

the remedial action sought by the prisoner. Id. at 736.  Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.

In the present case, plaintiff's complaint contains a concession to nonexhaustion. Plaintiff was dissatisfied with the investigation that was conducted, and he did not receive an apology from Officer Molles. Thus, administrative remedies were still available on plaintiff's claim of excessive force when he submitted his appeal to the third level. In addition, plaintiff's inmate appeal contains no allegation of discrimination. Thus, plaintiff's civil rights claim of discrimination based on race, nationality, age, physical handicap, and mental handicap appears to be wholly unexhausted.

This case should be dismissed without prejudice to the filing of a new civil rights action after the grievance process is completed on all claims alleged in plaintiff's civil rights complaint. Plaintiff is informed that a new action brought after exhaustion is complete should not bear the case number assigned to this action and should be accompanied by a new application to proceed in forma pauperis that is up-to-date and properly completed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 10, 2006 application to proceed in forma pauperis be denied; and

2. This action be dismissed without prejudice for failure to exhaust available administrative remedies before bringing the action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 24, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
tseh0135.efr